# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**CARLOS MONTANA WILLIAMSON**
**ADC #152796**                                                                      **PLAINTIFF**

**V.**                    **NO. 4:23-cv-00571-JM-ERE**

**DAISHA THOMPSON and**
**DEXTER PAYNE**                                                                    **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.    Discussion:**

   **A.    Background**

Plaintiff Carlos Montana Williamson, an Arkansas Division of Correction ("ADC") inmate at the Varner Unit, filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*. Mr. Williamson's complaint alleges that Defendants Daisha

Thompson and ADC Director Dexter Payne have discriminated against him by failing to transfer him to a prison in another state pursuant to Arkansas' Interstate Corrections Compact ("Compact"), codified at Arkansas Code Annotated sections 12–49–101 to –103 (Repl. 1999). He seeks monetary damages.

For the following reasons, Mr. Williamson's complaint should be dismissed for failure to state a plausible constitutional claim for relief.

### B.    Analysis

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

In deciding whether Mr. Williamson has stated a plausible claim for relief under § 1983, the Court must determine whether the allegations in the complaint, which are presumed true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later

establish some 'set of undisclosed facts' to support recovery." *Id.* at 561 (citation omitted). Rather, the facts set forth in the complaint must "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570.

Assuming Mr. Williamson's allegations to be true, "[n]othing in the Compact affords the inmate the right to demand transfer to another state." *DuBois v. Hobbs*, 2014 Ark. 259, 2 (2014) (citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)). Instead, ADC official have "sole control" under the Compact to determine whether to transfer Mr. Williamson to another state. *Id*.

In addition, Mr. Williamson's allegations do not involve the violation of a fundamental right or membership in a protected class. To state a plausible equal protection claim, Mr. Williamson must allege facts suggesting that "similarly situated inmates were treated differently and that this difference in treatment bore no rational relationship to any legitimate penal interest." *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (citing *Timm v. Gunter*, 917 F.2d 1093, 1103 (8th Cir. 1990)); see also *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003) (stating that absent assertion of membership in a protected class or violation of a fundamental right, an inmate must show that similarly situated inmates received different treatment and that the difference in treatment had no rational relation to any legitimate penal interest). Mr. Williamson fails to allege any such facts. The speculative, conclusory, and unsubstantiated allegations against Defendants are

insufficient to state any plausible claim for relief. See *Ashcroft*, 556 U.S. at 678 (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and, instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face").

### III.   Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1.   Mr. Williamson's complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2.   The Clerk be instructed to close this case.

3.   The Court certify that an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

4.   In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

Dated 13 July 2023.

_____
UNITED STATES MAGISTRATE JUDGE